D353NORC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    NORTH AMERICAN OLIVE OIL,

4                 Plaintiff,

5            v.                        13 CV 868 (JSR)

6    KANGADIS FOODS,

7                 Defendant.

8    ------------------------------x
                                       New York, N.Y.
9                                      March 5, 2013
                                       11:30 a.m.
10
     Before:
11
                      HON. JED S. RAKOFF,
12
                                       District Judge
13
                         APPEARANCES
14
     SIDLEY AUSTIN
15        Attorneys for Plaintiff
     BY:  TIMOTHY TREANOR
16
     FARRELL FRITZ
17        Attorneys for Defendant
     BY:  MICHAEL SCHOENBERG
18

19

20

21

22

23

24

25

D353NORC

1               (In open court)

2               THE DEPUTY CLERK:  North American Olive Oil v.

3    Kangadis Foods.  Will everyone please be seated and will the

4    parties please identify themselves for the record.

5               MR. TREANOR:  Good morning, your Honor.  Tim Treanor

6    from the law firm Sidley Austin for the North American Olive

7    Oil Association.  With me is a representative from the client,

8    Erin Balch.

9               MR. SCHOENBERG:  Michael Schoenberg from the law firm

10   Farrell Fritz for the defendant Kangadis Foods.

11              THE COURT:  Good morning.  I've received a case

12   management plan but it was only I gather from one side.  Is

13   there a case management plan you both agreed to?

14              MR. TREANOR:  No, your Honor.  What has happened here

15   is we filed our complaint a few weeks ago.  The defendant then

16   appeared, and when we called to schedule the plaintiff's motion

17   for a preliminary injunction, defense counsel requested an

18   appearance before the Court to discuss various issues, I

19   believe including case management.

20              We have proposed a case management plan.  This

21   conference was only scheduled towards the end of last week, and

22   we have had one discussion about whether we can reach agreement

23   on dates but we have not yet reached agreement.

24              THE COURT:  So we'll do it jointly right now.

25              MR. SCHOENBERG:  May I be heard, your Honor?

D353NORC

1           THE COURT:  Sure.

2           MR. SCHOENBERG:  Okay.  First, again, for the

3    defendant, the reason I requested an in-person conference with

4    your Honor is that the defendant Kangadis Foods plans on

5    changing the contents of the tins, the oil tins that are at

6    issue in this case, which is likely going to moot this case.

7    They are doing what the North American Olive Oil Association is

8    asking them to do.

9           What we would request is some time for them to allow

10   them to ramp up and be able to do that.

11          THE COURT:  No, no, no.  We'll set a schedule.  If the

12   case gets settled, or otherwise resolved, you'll jointly file a

13   stipulation of dismissal at that time.  But, my long experience

14   is that if you don't have a schedule, people don't feel the

15   same urgency to get moving that they should if they're actually

16   going to settle the case.

17          So this is a jury case.  Does either side anticipate

18   any other parties?

19          MR. TREANOR:  Not on the plaintiff's side, your Honor.

20          MR. SCHOENBERG:  No, your Honor, and I believe they

21   are asking for injunctive relief.

22          THE COURT:  Pardon?

23          MR. SCHOENBERG:  I believe they are asking for

24   injunctive relief.

25          THE COURT:  We'll worry about that in a minute.

D353NORC

1          Amended pleadings may be filed without leave of Court.

2    You suggest March 29.  That's fine.  First request for

3    production of documents, you suggest March 15, that's fine.

4    And then interrogatories, the only interrogatories I allow are

5    under Local Rule 33.3(a).  Have you looked at Local Rule

6    33.3(a) on the plaintiff's side?

7               MR. TREANOR:  No, your Honor.

8               THE COURT:  Because you would not have suggested

9    April 22 if you had.  So, when you look at that, which I

10   recommend doing before the day is out, you will see that they

11   very narrowly limit the interrogatories to asking for names of

12   persons with knowledge, the location of certain documents, and

13   the amount of damages which may not be relevant in this case.

14   But in any event --

15               MR. TREANOR:  There is a damages --

16               THE COURT:  On a slow day it will take you

17   approximately 30 seconds to draft these interrogatories because

18   the terms are all set forth in the local rules, and they are

19   the only interrogatories I allow.  So we'll put that down for

20   March 15 as well.

21          What kind of expert does plaintiff anticipate having?

22               MR. TREANOR:  We have an expert in olive oil.  He's

23   actually a very well known individual, European based.  He

24   also -- the only complication that we foresee in moving forward

25   full steam ahead and in all aspects with our case is working

D353NORC

1    with our expert's schedule.  Because he actually is an expert

2    on olive oil before a lot of fora, and we have some dates

3    already that I think we can work with.

4              THE COURT:  The date you suggest is April 19.  That's

5    fine with the Court.  I assume you put it in there after

6    consulting with your expert, yes?

7              MR. TREANOR:  That's to offer, I believe, offer the

8    expert testimony.  But in terms of the deposition --

9              THE COURT:  No.  It's everything that Rule 26

10   requires.  That's his report, the back up to the report.  Yes.

11   So April.  We'll get to the deposition in a minute.

12             Yes, sir.

13             MR. SCHOENBERG:  Well, given the complexity of the

14   case I would just ask for an extended discovery schedule.  This

15   is going to be --

16             THE COURT:  No.  You've got to be kidding.  This is a

17   complex case?  Come practice more often in the Southern

18   District of New York.  This is by Southern District standards a

19   very simple case.

20             Responding expert May 10, that's fine.  Now, you

21   suggest on the plaintiff's side that all depositions, including

22   expert depositions, be completed by June 14.  And surely, your

23   expert has at least one day between when he issues his report

24   on April 19, and 2 months later when the depositions are to be

25   completed.  So, that sounds reasonable to me.

D353NORC

1          MR. TREANOR:  Yes, your Honor, we do.

2          THE COURT:  Request to admit May 20, all discovery to

3  be completed by June 28, moving papers on summary judgment

4  July 8, answering papers July 24, reply papers August 2.

5          The only of those dates that I don't really agree

6  with, if moving papers on summary judgment are to be filed as

7  you suggest likely, well, on July 8, which is only 10 days

8  after the completion of discovery, and involves the July 4

9  weekend, then it seems very unreasonable to have the answering

10  papers due not 10 days later, but 16 days later.  So I think

11  the answering papers should be due July 19.  Reply papers then

12  can be due July 26.

13          I will set this down for a final pretrial conference

14  as well as oral argument on any summary judgment motion for

15  August.

16          THE DEPUTY CLERK:  August 5 at 4:30.

17          THE COURT:  August 5 at 4:30.  Let's talk about any

18  motion for preliminary injunction.

19          MR. TREANOR:  We are prepared to file our motion today

20  and we ask leave of the Court to be able to do so.

21          THE COURT:  You can file your motion today.  How long

22  does defense counsel want for his answering papers?

23          MR. SCHOENBERG:  I request three weeks, your Honor.

24          THE COURT:  I can't give you three weeks but I can

25  give you two.  Would you like two?

D353NORC

1           MR. SCHOENBERG:  Two would be fine, your Honor.

2           THE COURT:  Very good.  So, let's get this down.

3    Preliminary injunction, moving papers March 6, answering papers

4    March 20, reply papers March 26.  And we will have oral

5    argument, or an evidentiary hearing, let's look at April 1st.

6           THE DEPUTY CLERK:  April 1st, you're on the Second

7    Circuit in the morning and at 2 o'clock you have a Markman

8    hearing for a Pfizer case.

9           THE COURT:  Let's say April 1st, at 4 p.m.  After I've

10   received the reply papers, I will advise counsel whether we'll

11   have oral argument or whether I need an evidentiary hearing so

12   you'll know that a few days before.

13          MR. TREANOR:  Your Honor, could I ask, on that date,

14   that April 1st date, I'm scheduled to meet with an integrity

15   committee in a corporate investigation to present findings of

16   an investigation on that day in Miami.

17          THE COURT:  All right.  My problem is I teach at

18   Columbia on Tuesday and Wednesday early evening.  So those are

19   not good days for me for an evidentiary hearing, which I tend

20   to place usually around 4 o'clock and then we go as long as

21   necessary.  So let's look at Thursday.

22          THE DEPUTY CLERK:  Thursday the 4th there is no trial

23   that day and at 4 o'clock you have an argument.

24          THE COURT:  If there is no trial that day, we could

25   hear you earlier.  So, why don't we say April 4 at 11 a.m.

D353NORC

1          MR. TREANOR:  Thank you, your Honor.

2          THE COURT:  Anything else we need to take up today?

3          MR. TREANOR:  Not from the plaintiff.

4          MR. SCHOENBERG:  Depending on the rulings requested in

5   the preliminary injunction, defendants might request an motion

6   to dismiss.  Should we schedule that now?

7          THE COURT:  Once you know for sure one way or the

8   other, you don't have to call me if you are not going to file a

9   motion.  But once you know you are going to file a motion,

10  rather than deal with it now when it is just a potential,

11  jointly call with your adversary.  We'll set the schedule at

12  that time.

13         MR. SCHOENBERG:  Thank you, your Honor.

14         THE COURT:  Thank you very much.

15         MR. TREANOR:  Thank you, your Honor.

16                              o0o

17

18

19

20

21

22

23

24

25